# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN S. DALBY,<br><br>        Plaintiff,<br><br>        v.<br><br>DITECH FINANCIAL LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Defendants. | Case No. 3:19-cv-00003-SLG |

## ORDER RE FANNIE MAE'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT

Before the Court at Docket 32 is Defendant Federal National Mortgage Association's Motion to Dismiss Count II of Plaintiff's Amended Complaint. Plaintiff John S. Dalby responded in opposition at Docket 35. Defendant replied at Docket 36. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

On September 26, 2017, John S. Dalby commenced an action against Ditech Financial LLC ("Ditech") and the Federal National Mortgage Association ("Fannie Mae") (together, "Defendants") alleging violations of Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPA"), as well as common law quiet title and breach of contract claims and requesting rescission of the

foreclosure sale on his home.[1] On November 7, 2017, Defendants removed the action to this Court based on diversity jurisdiction.[2] Mr. Dalby moved to remand the case for lack of subject matter jurisdiction. On February 6, 2018, finding that Defendants had failed to establish that the amount in controversy exceeded $75,000, the Honorable Russel Holland remanded the case back to the State Superior Court.[3]

On February 28, 2018, the Honorable Jennifer S. Henderson reopened the case in State Superior Court and on March 20, 2018, Defendants moved to dismiss the complaint.[4] On November 16, 2018, the Superior Court granted in part and denied in part Defendants' motion to dismiss.[5] Specifically, the Superior Court dismissed without prejudice Mr. Dalby's UTPA and breach of contract claims but left intact his quiet title claim against Fannie Mae.[6] On December 22, 2018, Mr. Dalby filed the First Amended Complaint ("FAC") alleging breach of contract and violations of the UTPA, the Fair Debt Collection Practices Act ("FDCPA"), and the Real Estate Settlement Procedures Act ("RESPA"), along with the quiet title claim.[7]

---

[1] Docket 1-1 at 2.

[2] *Dalby v. Ditech Fin. LLC*, 285 F. Supp. 3d 1092 (D. Alaska 2018).

[3] *Id.*

[4] Docket 1-1 at 58.

[5] Docket 1-1 at 61–73.

[6] Docket 1-1 at 68–69.

[7] Docket 1-1 at 74–81.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 2 of 19

On January 9, 2019, Defendants again removed the case to this Court based on original jurisdiction over the FDCPA and RESPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.[8] Shortly thereafter, Defendants moved to dismiss the FAC for failure to state a claim.[9] In parallel, on February 11, 2019, Ditech commenced Chapter 11 bankruptcy proceedings, triggering an automatic stay of all claims against it.[10] Accordingly, the Court stayed this matter as to Ditech.[11] Mr. Dalby requested that the Court stay all proceedings in this case pending resolution of the bankruptcy proceedings against Ditech.[12] The Court denied Mr. Dalby's request and denied Defendants' motion to dismiss but without prejudice to refiling by Fannie Mae.[13] On June 18, 2019, Fannie Mae moved to dismiss Mr. Dalby's quiet title claim against it.[14] Mr. Dalby opposed the motion on July 11, 2019, and

---

[8] Docket 1.

[9] Docket 9.

[10] Docket 11. The U.S. Bankruptcy Court for the Southern District of New York approved the terms of Ditech's Chapter 11 Plan which includes an injunction barring any claims seeking monetary relief arising prior to the closing of the transactions under the plan. *See* Docket 37 at 2. Ditech has asked Plaintiff to voluntarily dismiss the stayed claims against Ditech in this Court in light of the injunction, and absent a voluntary dismissal, may seek an order from the Bankruptcy Court prohibiting Plaintiff from continuing to pursue those claims. *See* Docket 37 at 3.

[11] Docket 12.

[12] Docket 16.

[13] Docket 31 at 4.

[14] Docket 32.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 3 of 19

Fannie Mae replied on July 29, 2019.[15]

## FACTS

As described in the FAC, Mr. Dalby took out a home loan from Countrywide Bank, FSB ("Countrywide") which was memorialized in a Deed of Trust ("DOT") recorded on December 31, 2007.[16] Mr. Dalby put up his home as security for the loan.[17] Countrywide was the lender; Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary; and Reconstruct Company was the trustee.[18] The interested parties changed over time as the DOT transferred hands. In 2008, Bank of America ("BOA") purchased Countrywide,[19] replacing it as the lender, and in March 2012, MERS assigned the DOT to BOA.[20] In September 2012, Alaska Trustee LLC replaced Reconstruct Company pursuant to a Substitution of Trustee.[21] Thus by 2012, Bank of America was the lender of the DOT and Alaska Trustee was the trustee. Sometime prior to January 2, 2014, Mr. Dalby defaulted

---

[15] Dockets 35 and 36.

[16] Docket 1-1 at 75, ¶ 7.

[17] Docket 1-1 at 75, ¶ 7.

[18] Docket 1-1 at 75–76, ¶¶ 7, 10.

[19] Docket 1-1 at 76, ¶ 8.

[20] Docket 1-1 at 76, ¶ 9.

[21] Docket 1-1 at 76, ¶ 10.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 4 of 19

on his loan.[22]  Then, in January 2014, BOA assigned the DOT to Ditech.[23]  In October 2016, Ditech executed two corrective assignments.  In the first, it executed a Corrective Assignment Deed of Trust on behalf of MERS as its attorney in fact ("MERS Corrective Assignment").[24]  In the second, Ditech executed a Corrective Assignment Deed of Trust on behalf of Bank of America ("BOA Corrective Assignment").[25]  On March 2, 2017, Mr. Dalby's home was sold at a foreclosure sale and Ditech took title and transferred it to Fannie Mae.[26]

In the FAC, Mr. Dalby challenges the validity of several aspects of the transfer of the DOT.  Specifically, the FAC alleges that: (1) the Substitution of Trustee was "robosigned and/or void and/or invalid" because a clerk at Alaska Trustee signed it on behalf of BOA and MERS but was not the attorney in fact for either;[27] (2) the MERS Corrective Assignment was "robosigned and/or void and/or invalid" and that MERS did not have the power to assign anything in 2016 and that Ditech was not its attorney in fact;[28] and (3) the BOA Corrective Assignment was

---

[22] Docket 1-1 at 76, ¶ 11 ("On January 2, 2014, Bank of America assigned the DOT to defendant.  At this point in time, the loan was already in default".).

[23] Docket 1-1 at 76, ¶ 11.

[24] Docket 1-1 at 76–77, ¶ 12.

[25] Docket 1-1 at 77, ¶ 13

[26] Docket 1-1 at 79, ¶ 21.

[27] Docket 1-1 at 76, ¶ 10.

[28] Docket 1-1 at 76, ¶ 12.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 5 of 19

"robosigned and/or void and/or invalid" and that BOA had no power to assign anything at that time and that Ditech was not its attorney in fact.[29]

Moreover, Mr. Dalby alleges that he was not notified when BOA purchased Countrywide and erroneously made five monthly payments to Countrywide.[30] Although BOA eventually notified him to stop making payments to Countrywide, Mr. Dalby alleges that he was never reimbursed for those erroneous payments and he was placed into default status.[31] Mr. Dalby alleges that when Ditech attempted to collect his debt, "it never credited him for these payments and, thus, was always seeking an excessive amount from him."[32] He alleges that at some point, Ditech or its predecessors "force-placed insurance" on his property when he already had property insurance, thereby increasing his payment and making it "wholly unaffordable."[33] Mr. Dalby maintains that he never received transfer of servicing notices or monthly statements or updates.[34]

Based on the foregoing, Mr. Dalby asserts that he has equitable title to his property (as well as possession).[35] He alleges that Fannie Mae "has an adverse

---

[29] Docket 1-1 at 77, ¶ 13.

[30] Docket 1-1 at 77, ¶ 15.

[31] Docket 1-1 at 77, ¶ 15.

[32] Docket 1-1 at 77, ¶ 15.

[33] Docket 1-1 at 77–78, ¶ 16.

[34] Docket 1-1 at 78–79, ¶ 20.

[35] Docket 1-1 at 79, ¶ 27.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 6 of 19

claim to [his] title" which is "unsound or baseless" because "many of the documents on which the foreclosure is founded appear to be robosigned and/or void and/or invalid."[36] Mr. Dalby alleges that a "foreclosure sale that is predicated on a raft of invalid or fraudulent documents does not give good title to the tortfeasor," Ditech, and therefore Ditech "did not have good title to give to [Fannie Mae]."[37]

## LEGAL STANDARD

### I. Jurisdiction

The Court has original jurisdiction over Plaintiff's FDCPA and RESPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's other claims, including the quiet title claim against Fannie Mae, pursuant to 28 U.S.C. § 1367. In this removed action, the Court applies substantive state law to the state law claims and federal law to procedural issues.[38]

### II. Motion to Dismiss

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."[39] Accordingly, the Court evaluates Fannie Mae's

---

[36] Docket 1-1 at 80, ¶ 28.

[37] Docket 1-1 at 80, ¶ 28.

[38] *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) ("[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) and *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("The *Erie* principles apply equally in the context of pendent jurisdiction.")).

[39] Fed. R. Civ. P. 81(c)(1). *See, e.g.*, *Wendell v. Johnson & Johnson*, No. 09-cv-04124-CW, 2010 WL 271423, at *2 (N.D. Cal. Jan. 20, 2010) (holding that "federal law, not

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 7 of 19

Rule 12(b)(6) motion under the federal pleading standard.[40]  When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[41]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[43]  Thus, there must be "more than

---

state law, governs the specificity that Plaintiffs must plead in order to survive a 12(b)(6) motion" in a removed case); *Stearns v. Select Comfort Retail Corp.*, No. 08-cv-2746-JF, 2008 WL 4542967, at *2 (N.D. Cal. Oct. 1, 2008) (finding that federal procedural rules apply to the motion to dismiss).

[40] Plaintiff relies on *Conley v. Gibson*, 355 U.S. 41 (1957) in articulating the "no set of facts" standard for a motion to dismiss (also known as the notice pleading standard) used by the Alaska state courts and maintains that the federal pleading standard is identical.  *See* Docket 35 at 6.  Plaintiff is mistaken.  The United States Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) abrogated the notice pleading standard set forth in *Conley* and introduced the "plausibility pleading standard" for all federal cases.  *See generally* Philip A. Tarpley, Note, *The Doctrine in the Shadows: Reverse-Erie, its Cases, its Theories, and its Future With Plausibility Pleading in Alaska*, 32 Alaska L. Rev. 213, 218 (2015).  Thus, while Alaska state courts may continue to apply *Conley's* notice pleading requirement, federal courts cannot and do not.  *See id.* at 215.

[41] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[43] *Id.* (citing *Twombly*, 550 U.S. at 556).

Case No. 3:19-cv-00003-SLG,  *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 8 of 19

a sheer possibility that a defendant has acted unlawfully."[44] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[45]

Moreover, when granting a motion to dismiss, a court is generally required to grant the plaintiff leave to amend, unless amendment would be futile.[46] In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[47]

### III. Quiet Title Claim

Under Alaska law, a person in possession of real property "may bring an action against another who claims an adverse estate or interest in the property for the purpose of determining the claim."[48] The Supreme Court of Alaska has explained:

> The normal rule is that a defendant in a quiet title action may always resist a decree against himself by showing simply that the plaintiff is without title. Once the plaintiff's claim of title is put in issue by the defendant, the plaintiff can succeed only on the strength of his own title, and not on the weakness of that of his adversary. While it may

---

[44] *Id.*

[45] *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

[46] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

[47] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

[48] Alaska Stat. § 09.45.010; *see also Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1075–76 (D. Alaska 2012).

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 9 of 19

not be necessary for a plaintiff to have a perfect title, to make out a prima facie case he must at least prove that he has a substantial interest in the property and that his title is better than that of the defendants.[49]

To determine whether a plaintiff has a "substantial interest in the disputed property," a court "must interpret their deed."[50] If it "unambiguously presents the parties' intent" then the court need go no further.[51] Moreover, this Court has previously recognized that "a borrower could not assert a quiet title claim against a lender without paying off the debt."[52]

## DISCUSSION

Fannie Mae moves to dismiss with prejudice Count II of Mr. Dalby's FAC—the quiet title claim—on three grounds. *First*, Fannie Mae contends that Mr. Dalby failed to allege sufficient factual matter to support his claim.[53] It contends that Mr. Dalby's "quiet title claim is based on the allegation that Ditech executed a corrective assignment for MERS," and on allegations "regarding Bank of America's corrective assignment and the Substitution of Trustee," but the FAC fails to explain

---

[49] *Shilts v. Young*, 643 P.2d 686, 689 (Alaska 1981) (internal citations omitted); *see also Fink v. Municipality of Anchorage*, 379 P.3d 183, 190 (Alaska 2016) ("[P]laintiffs must prevail on the strength of their own title and not on the weakness of the defendants' title.").

[50] *Fink*, 379 P.3d at 190–91.

[51] *Id.*

[52] *Nicdao v. Chase Home. Fin.*, 839 F. Supp. 2d 1051, 1076 (D. Alaska 2012).

[53] Docket 32 at 3–4.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 10 of 19

why the assignments "appear[] to be robosigned and/or void and/or invalid."[54] *Second*, Fannie Mae contends that Mr. Dalby's quiet title claim fails because he "does not have superior title to the property over Fannie Mae."[55] Fannie Mae notes that Mr. Dalby executed a DOT granting an interest in his property, "could no longer afford to make payments," at which time "Ditech foreclosed, took title to the property, and then transferred it to Fannie Mae."[56] Fannie Mae maintains that Mr. Dalby "must allege that he is entitled to the property, and he cannot do that because he admits that he could not pay the loan secured by the property."[57] *Third*, Fannie Mae maintains that even if there were defects with the assignments, "they would also be irrelevant to the propriety of the foreclosure process."[58] Fannie Mae contends that under Alaska law, "the purpose of recording is simply to provide notice of the security instrument to third parties."[59]

Mr. Dalby opposes the motion to dismiss. As a threshold issue, he maintains that this Court should deny the motion to dismiss "for the same reasons the state superior court did."[60] In denying the motion to dismiss, the Superior Court held

---

[54] Docket 32 at 3–4.

[55] Docket 32 at 4.

[56] Docket 32 at 5.

[57] Docket 32 at 5.

[58] Docket 32 at 5.

[59] Docket 32 at 5.

[60] Docket 35 at 6–7.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 11 of 19

that "[i]n order to state a claim for quiet title, the 'complaint need only set forth in general terms the title of the plaintiff, declare generally that the defendant claims some interest in the property, without defining it, and aver that the claim is without foundation.'"[61]  Additionally, Mr. Dalby presents two grounds for denying the motion: (1) the foreclosure sale is void or, in the alternative, (2) the foreclosure sale is voidable.  Specifically, Mr. Dalby contends that he has sufficiently pled facts "that the illicit sale of his home is void" and that "[v]oid sales can be set aside, even if there is a bona fide purchaser."[62]  Mr. Dalby contends that a foreclosure sale can be void if "an alleged defect concerns a trustee's right to proceed with the foreclosure" or if the sale reaches "unjust extremes."[63]  He maintains that the trustee had no right to sell his home and that this "unauthorized foreclosure sale occurred atop scores of known and predictable law-breaking," "despite his effort to make payments" and thus the sale was "unjust and extreme."[64]

### A.  The Court Must Apply the Federal Pleading Standard

The Court considers Fannie Mae's Rule 12(b)(6) motion pursuant to federal pleading requirements and therefore declines to follow the Superior Court's earlier ruling on Mr. Dalby's quiet title claim.[65]

---

[61] Docket 1-1 at 68 (quoting *Davis v. Tant*, 361 P.2d 763, 766 (Alaska 1961)).

[62] Docket 35 at 7.

[63] Docket 35 at 7.

[64] Docket 35 at 7–8.

[65] *See, e.g. A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)

Case No. 3:19-cv-00003-SLG,  *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 12 of 19

### B. Mr. Dalby Does Not Allege Superior Title

As detailed above, the FAC alleges several defects in the transfers of Mr. Dalby's DOT.[66] Notably, however, the FAC does not allege that Mr. Dalby has good title to the property. Indeed, the FAC confirms that Mr. Dalby took out a home loan memorialized by a recorded DOT and defaulted on his payments on or before January 2, 2014.[67] Mr. Dalby does not contend that he ever offered to or did repay his outstanding debt in the years since he first defaulted.[68]

The Court finds that Mr. Dalby has not alleged that "he has a substantial interest in the property and that his title is better than that of [Fannie Mae]" as required where, as here, Fannie Mae put his title at issue.[69]

Mr. Dalby's possession of his property is a necessary but not sufficient condition to maintain a quiet title claim; possession is required to bring a claim

---

("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.") (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

[66] *See supra* at 5–6.

[67] Docket 1-1 at 75–76, ¶¶ 7, 11.

[68] The Court is cognizant that the FAC alleges that Mr. Dalby "was wrongfully put into default status" because he was never credited for five payments that he allegedly made to Countrywide. Docket 1-1 at 77, ¶ 15. Mr. Dalby asserted causes of action under the FDCPA and the UTPA arising from those allegations. Those causes of action are not at issue here.

[69] *Shilts v. Young*, 643 P.2d 686, 689 (Alaska 1981); *see also Fink v. Municipality of Anchorage*, 379 P.3d 183 (Alaska 2016) ("[P]laintiffs must prevail on the strength of their own title and not on the weakness of the defendants' title.").

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 13 of 19

under AS § 09.45.010, but "one in possession merely, without legal or equitable title, cannot maintain a suit to quiet title."[70]

As this Court has previously recognized, "other courts interpreting similar statutes have found that a borrower could not assert a quiet title claim against a lender without paying off the debt" because otherwise they are "essentially asking the Court to 'give [them] a free house.'"[71] Courts applying Arizona,[72] California,[73]

---

[70] *Ripinsky v. Hinchman*, 181 F. 786, 793 (9th Cir. 1910) ("One in possession merely, without legal or equitable title, cannot maintain a suit to quiet title."), *modified*, 186 F. 151 (9th Cir. 1911).

[71] *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1076 (D. Alaska 2012); *see, e.g.*, *Bacon v. Countrywide Bank FSB*, No. 2:11-cv-00107-ELJ, 2012 WL 642658, at *7 (D. Idaho Feb. 8. 2012) ("A mortgagor cannot without paying his debt quiet title as against the mortgagee.") (citing *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952)), *report and recommendation adopted*, 2012 WL 639521 (D. Idaho Feb. 28, 2012); *Evans v. BAC Home Loan*, No. 10-cv-0656-RSM, 2011 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010) ("The logic of such a rule is overwhelming. Under a deed of trust, a borrower's lender is entitled to invoke a power of sale if the borrower defaults on its loan obligations. As a result, the borrower's right to the subject property is contingent upon the borrower's satisfaction of loan obligations."); *Hobson v. Wells Fargo Bank, NA*, 576 Fed. Appx. 678, 679 (9th Cir. 2014) ("The district court properly granted summary judgment in Hobson's quiet title action because Hobson failed to raise a genuine dispute of material fact as to whether the loan had been repaid.").

[72] *See, e.g.*, *Hamilton v. Fed. Nat'l Mortgage Assoc.*, No. 2:12-cv-02379-PHX-SLG, 2013 WL 12107466, at *2 (D. Ariz. Feb. 4, 2013) ("Under Arizona law, a party may not quiet title until that party has paid off the loan or tendered the balance due under the loan.").

[73] *See, e.g.*, *Won v. Fannie Mae*, 714 Fed. Appx. 810, 811 (9th Cir. 2018) ("To sufficiently plead a quiet title claim in California, plaintiffs must allege that they have satisfied their obligations under the Deed of Trust."); *Rosenfeld v. JPMorgan Chase Bank NA*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2009) ("A borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property.").

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 14 of 19

Washington,[74] and Nevada law[75] have enforced this so-called "tender rule," finding that a plaintiff must satisfy their obligations under the deed of trust in order to maintain a quiet title claim.

The Court finds this reasoning persuasive; even if Mr. Dalby's allegations about Fannie Mae's title prove to be true, he has not plausibly alleged facts that, if proven, would establish that he has good title to the property. Mr. Dalby executed a deed of trust and defaulted on his loan. By the time of the foreclosure sale, at least three years had passed since he had defaulted and he had not satisfied his obligations under the DOT.

### C. Mr. Dalby Does Not Allege Facts Sufficient to Maintain That the Foreclosure Sale is Void

Exceptions to the tender rule exist; most notably, the Ninth Circuit has recognized that under California law the tender rule "does not apply to a void, as opposed to a voidable, foreclosure sale."[76] The Court is unaware of any Alaska case that expressly recognizes such an exception to the tender rule; and, in any

---

[74] *See, e.g.*, *McIndoe v. JPMorgan Chase Bank, N.A.*, 542 Fed. Appx. 606, 607 (9th Cir. 2013) ("Under Washington law, a borrower must satisfy (or be able to satisfy) outstanding debt to maintain a quiet title action.").

[75] *See, e.g.*, *Jacobsen v. HSBC Bank USA, NA*, 713 Fed. Appx. 679, 680 (9th Cir. 2018) ("The district court properly dismissed Jacobsen's quiet title claim because Jacobsen failed to allege facts sufficient to show that the paid the debt owed on the property.") (applying Nevada law).

[76] *Martinez v. America's Wholesale Lender,* 446 Fed. Appx. 940, 943 (9th Cir. 2011); *see also Benson v. Ocwen Loan Servicing, LLC,* 562 Fed. Appx. 567, 571 (9th Cir. 2014) ("[T]ender may not be necessary to quiet title if a foreclosure sale is void.") (discussing exception to California quiet title law).

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 15 of 19

event, even if Alaska had such an exception, it would not apply here.

Under Alaska law, a substantial defect in a foreclosure will render it void.[77] Accordingly, a foreclosure sale "will be void 'only in cases which reach unjust extremes.'"[78] Procedural defects may render a foreclosure sale voidable, but not void.[79] Taking the facts in the FAC as true, the two Corrective Assignments and the Substitution of Trustee are "robosigned and/or void and/or invalid" and Mr. Dalby never received notices of transfer of services or otherwise and was never reimbursed for his five payments to Countrywide.[80] Notably, Mr. Dalby does not contest the validity of the actual transfers of the DOT or the right of the trustee to bring a foreclosure sale. Indeed, he does not contest the right of BOA or MERS to execute a substitution of trustee. The Court finds that Mr. Dalby has not alleged facts sufficient to state a plausible claim that the foreclosure sale is void; the alleged defects are procedural or mechanical and do not rise to the level of unjust

---

[77] *Rosenberg v. Smidt*, 727 P.2d 778, 783–84 (Alaska 1986).

[78] *Richardson v. Estate of Berthelot*, 2013 WL 203271, at *7 (Alaska 2013) (quoting *Semlek v. Nat'l Bank of Alaska*, 458 P.2d 1003, 1006 (Alaska 1969)). The Supreme Court of Alaska has indicated its "reluctance to set aside foreclosure sales except in the most unusual circumstances. Even when the sale fails to comply with the statutory provisions, [it] will set it aside only in cases that reach 'unjust extremes.'" *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc*., 116 P.3d 592, 595–96 (Alaska 2005) (footnote omitted).

[79] *Baskurt v. Beal*, 101 P.3d 1041, 1044 (Alaska 2004) (explaining that "defects in the mechanics of the trustee's exercise of the power to foreclose may render the sale voidable").

[80] Docket 1-1 at ¶¶ 10, 12, 13, 15, 20.

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 16 of 19

extremes or substantive defects with the foreclosure.[81]

None of the cases cited by Mr. Dalby compels a different conclusion.[82] In *Semlek v. National Bank of Alaska,* the Supreme Court of Alaska affirmed the district court's grant of summary judgment on the validity of the foreclosure sale, holding it was neither void nor voidable because the overstatement of the amount due on the secured debt "was not so excessive that it might have deterred bidders" and was not "part of a fraudulent design."[83] In *Semlek*, clear error in the amount due on the secured debt was insufficient to render the sale void or voidable absent actual effects on the sale or bad faith. More strikingly still, in *Rosenberg v. Smidt*, the Supreme Court of Alaska held that the allegations that the trustee had failed to give "actual notice of the sale" to appellants before their property was sold at a foreclosure sale went to the "mechanics of exercising the power" rendering the

---

[81] *See, e.g., St. James v. JP Morgan Chase Bank Corp.*, No. 16-cv-00529-LEK, 2017 WL 4392040, at *11 (D. Hawaii Sept. 29, 2017) (dismissing with prejudice allegations that sale was void as a result of robo-signed assignment, substitution of trustee, and notice of default because "[e]ven if [Defendant] robosigned the documents, JP Morgan and CRC ratified them by pursing the foreclosure process . . . [and] Plaintiff does not dispute the existence of his mortgage on the Property and that the mortgage loan was in default.").

[82] Docket 35 at 7–10 (citing to *Rosenberg v. Smidt*, 727 P.2d 778 (Alaska 1986); *Richardson v. Estate of Berthelot*, 2013 WL 203271 (Alaska 2013); *Semlek v. National Bank of Alaska*, 458 P.2d 1003 (Alaska 1969); *Rucker v. NovaStar Mortg., Inc.*, 311 P.3d 31 (Wash. Ct. App. 2013); and *Howard v. Wells Fargo Bank, NA*, No. 2:15-cv-02238-RDP, 2016 WL 1730162 (N.D. Ala. May 2, 2016)).

[83] 458 P.2d 1003, 1005–07 (Alaska 1969).

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 17 of 19

sale voidable, not void.[84] Thus, even where the mechanical defects resulted in lack of notice of foreclosure, the sale was not void. In contrast, in *Richardson v. Estate of Berthelot*, the Supreme Court of Alaska held that a foreclosure sale "completed in violation of a judicial stay" was void because it was a non-mechanical defect that risked undermining the efficacy of judicial stay orders and reached unjust extremes.[85] Mr. Dalby's allegations do not rise to the level of a direct violation of a court order.

Finally, the Court of Appeals of Washington's decision in *Rucker v. NovaStar Mortgage Inc.* is informative. There, the Court of Appeals held that vacating a foreclosure sale was an appropriate remedy where the trustee may not have had the authority to conduct the foreclosure sale because the party that appointed the successor trustee conceded it "did not hold the promissory note at the time."[86] In contrast, here, Mr. Dalby does not allege that BOA or MERS did not hold the promissory note when it executed the Substitution of Trustee; rather, he alleges procedural defects with the signatures.

Accordingly, accepting the allegations in the FAC as true, and construing the pleadings in the light most favorable to Mr. Dalby, as it must at this juncture, the Court concludes that the FAC does not state a plausible claim that the

---

[84] 727 P.2d 778, 780, 783–84 (Alaska 1986)

[85] 2013 WL 203271, at *8 (Alaska 2013).

[86] 311 P.3d 31, 38–39 (Wash. Ct. App. 2013).

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 18 of 19

foreclosure sale is void and therefore would not qualify for any exception to the tender rule on that basis. The Court further finds that any attempt at amending the complaint to try to state a claim against Fannie Mae upon which relief could be granted would contradict the original allegations and would be futile. Therefore, Mr. Dalby's quiet title claim is dismissed with prejudice.

## CONCLUSION

In light of the foregoing, Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint at Docket 32 is GRANTED and Count II is dismissed with prejudice.

DATED this 19th day of November, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-00003-SLG, *Dalby v. Ditech Financial LLC, et al.*
Order re Fannie Mae's Motion to Dismiss Count II of Plaintiff's Amended Complaint
Page 19 of 19